**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
ZHIHENG WANG, individually and on                    Case No.
behalf of all others similarly situated,

                      Plaintiff,          **CLASS AND COLLECTIVE**
                                                      **COMPLAINT**

       -against-

PRUSSIAN, INC. and MIKE YIN LIANG,          **Jury Trial Demanded**

                      Defendants.
-------------------------------------------------------------X

      Plaintiff Wang Zhiheng Wang ("Plaintiff Wang" or "Wang" or "Emma") alleges against

Defendant Prussian, Inc. ("Defendant Prussian" or "Prussian") and Mike Yin Liang ("Defendant

Liang" or "Liang") (collectively, "Defendants") upon information and belief, as follows:

## <u>NATURE OF THE CLAIMS</u>

1. Plaintiff Wang, individually and on behalf of all others similarly situated, complains
   pursuant to the New York State Human Rights Law, N.Y. Exec. Law § 290, et seq.,
   ("NYSHRL"), and the New York City Human Rights Law, N.Y. Admin. Code § 8-101, *et
   seq*. ("NYCHRL"), seeking damages against Defendants in excess of $75,000.00 to redress
   the lost wages, emotional distress, and other harms that she and other similarly situated
   employees have suffered as a result of being discriminated against, forced to endure a
   hostile work environment and retaliated against by Defendants on the basis of her **gender
   / sex** and **national origin.**

2. The New York State and the New York City anti-discrimination and anti-retaliation laws
   are intended to afford all employees the same rights, regardless of their gender, and provide
   them with the dignity and respect they deserve in the workplace.  As such, Plaintiff Wang
   seeks declaratory and monetary relief to redress Defendants' unlawful discriminatory

1

employment practices under the NYSHRL and NYCHRL, including the discrimination, a hostile work environment, and retaliation to which Plaintiff Wang was subjected. Plaintiff Wang was further retaliated against by Defendants after complaining of discrimination.

3.  Additionally, Defendants have systematically and repeatedly ignored the requirements of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and the New York Labor Law § 190, et seq. ("NYLL").

4.  Defendants maintained a pattern and practice of failing to pay Plaintiff Wang and other similarly situated non-exempt employees the minimum wage rate for all hours worked, the overtime rate of one-and-one half (1 ½) times the regular hourly rate/applicable minimum wage rate for all hours worked in excess of forty per week and spread-of-hours pay for each workday their shift or shifts exceeded 10 hours per day.

5.  Defendants also failed to furnish Plaintiff and similarly situated employees with wage notices and complete and accurate wage statements with each payment of wages and further failed to maintain an accurate record keeping of hours worked and wages paid to Plaintiff and similarly situated employees.

6.  As such, Plaintiff Wang, individually and behalf of all similarly situated employees, seeks relief from all Defendants for unlawful actions, including compensation for unpaid minimum wages, overtime wages, spread-of-hours pay, liquidated damages, pre-judgment and post-judgment interest, statutory damages for wage notice and pay statement violations, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over Plaintiff Wang's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff Wang's NYLL claims pursuant to 28 U.S.C. § 1367.

8. This Court has diversity jurisdiction over Plaintiff Wang's NYSHRL, NYCHRL and NYLL claims pursuant to 28 U.S.C. § 1332, as the parties to this claim are citizens of different states and the amount in controversy related to this claim, exclusive of interest and costs, exceeds $75,000.00.

9. Plaintiff Wang was is a resident of the State of New York.

10. Defendant Prussian was and is a corporation organized under the laws of the State of Delaware.

11. Defendant Liang was and is a resident of the State of California.

12. Plaintiff Wang seeks damages in excess of $75,000.00.

13. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 as substantial part of the events and harm giving rise to the instant claims occurred in this district.

14. Plaintiff Wang worked remotely for the Defendants in Brooklyn, New York.

15. Plaintiff Wang endured harm while working for the Defendants in Brooklyn, New York.

16. The Eastern District of New York has familiarity with the governing law, particularly the NSYHRL, NYCHRL and NYLL.

17. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

**Plaintiff Wang**

18. Plaintiff Wang Zhiheng Wang ("Plaintiff Wang" or "Wang" or "Emma") was and is a resident of Kings County, New York.

19. At the time of filing this action, Plaintiff Wang is a resident of Kings County, New York.

20. At all times relevant to this action, Plaintiff Wang was and is a woman.

21. At all times relevant to this action, Plaintiff Wang was and is of Chinese national origin.

22. From on or around December 22, 2021 to June 6, 2022, Plaintiff Wang was employed by Defendants in various positions.

23. At all times relevant to this action, Plaintiff Wang has been an employee of Defendant Prussian, within the meaning of the FLSA and NYLL.

**Defendant Prussian**

24. Defendant Prussian, Inc. ("Defendant Prussian" or "Prussian") was and is a foreign business corporation organized under the laws of the State of Delaware.

25. At all times relevant to this action, Defendant Prussian has been a business or enterprise engaged in interstate commerce employing more than fifteen (15) employees and earning gross annual sales over $500,000.00.

26. Defendant Prussian was and is a financial technical company.  Prussian "provides active hedging, monetization & intelligence services to corporations and investment firms."

27. At all times relevant to this action, Defendant Prussian was an employer of Plaintiff Wang within the meaning of the FLSA and NYLL.

28. Defendant Prussian was and is a business or enterprise engaged in interstate commerce within the meaning of the FLSA.

29. Plaintiff was engaged in interstate commerce for Defendant Prussian by acting as a financial engineer and helping raise capital investment throughout the country.

**Defendant Liang**

30. Defendant Mike Yin Liang ("Defendant Liang" or "Liang"), upon information and belief, was and is a resident of State of California.

31. At all times relevant to this action, Defendant Liang served as President and Chief Executive Officer of Defendant Prussian.

32. At all times relevant to this action, Defendant Liang was Plaintiff Wang Wang's supervisor and/or manager during her employment with the Defendant Prussian.

33. At all times relevant to this action, Defendant Liang possesses or possessed operational control and policy-making authority, an ownership interest, and significant control of Defendant Prussian.

34. At all times relevant to this action, Defendant Liang exercised control over the employment terms and conditions of the Plaintiff Wang and other similarly situated employees.

35. At all times relevant to this action, Defendant Liang had and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of the Plaintiff Wang and other similarly situated employees.

36. At all times relevant to this action, employees could complain to Defendant Liang directly regarding any of the terms of their employment.

37. At all times relevant to this action, Defendant Liang would have the authority to effect any changes to the quality and terms of employees' employment.

38. At all times relevant to this action, Defendant Liang exercised functional control over the business and financial operations of Defendants.

39. At all times relevant to this action, the acts of Defendant Prussian in this Complaint were committed by Defendant Liang individually while actively engaging in the ownership of Prussian.

## RULE 23 NYSHRL AND NYCHRL CLASS ALLEGATIONS – NEW YORK

40. Plaintiff brings claims for relief as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class consisting of herself and all current and former female employees of Chinese national origin, whom Defendants at any time within the six years prior to the filing of this action through the entry of judgment in this action (the "Rule 23 Class").

41. The persons in the Rule 23 Class are so numerous that joinder of all members is impracticable.

42. The identities of the Rule 23 Class members are known to the Defendants and are contained in the employment records that the Defendants are required to create and maintain.

43. Common questions of law and fact exist as to all members of the Rule 23 Class that predominate over any questions affecting solely individual members. Among the questions of law and fact common to the Rule 23 Class are:

   a. Whether Defendants discriminated against Rule 23 Class members because of their national origin in violation of the NYSHRL and NYCHRL;

   b. Whether Defendants discriminated against Rule 23 Class members because of their gender in violation of the NYSHRL and NYCHRL;

    c.   Whether Defendants forced the Rule 23 Class members to endure a hostile work environment because of their national origin in violation of the NYSHRL and NYCHRL;

    d.   Whether Defendants forced the Rule 23 Class members to endure a hostile work environment because of their gender in violation of the NYSHRL and NYCHRL; and

    e.   Whether Defendants retaliated against the Rule 23 Class members in violation of the NYSHRL and NYCHRL.

44. The claims of Plaintiff are typical of the claims of the Rule 23 Class she seeks to represent. Plaintiff and the Rule 23 Class work or have worked for Defendants within the six years prior to the filing of this action. They enjoy the same statutory rights under the NYSHRL and NYCHRL to be free from discrimination, a hostile work environment on the basis of their national origin and/or gender and retaliation as Plaintiff.  Plaintiff and the Rule 23 Class have sustained similar types of damages as a result of Defendants' failure to comply with the NYSHRL and NYCHRL.

45. Plaintiff and the Rule 23 Class have all been injured in that they have been discriminated against and subjected to a hostile work environment on the basis of their national origin and/or gender due to Defendants' common policies, practices, and patterns of conduct.

46. Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule Class.

47. Plaintiff has retained counsel competent and experienced in employment discrimination and class action litigation.

48. There are no conflicts between Plaintiff and the Class members.

49. A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common policies, practices and procedures.  Individual plaintiffs lack the financial resources necessary to conduct a thorough examination of Defendants' discriminatory practices and to prosecute vigorously a lawsuit against Defendants to recover damages for such unlawful conduct.  In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

50. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

### FLSA COLLECTIVE ALLEGATIONS

51. Plaintiff brings claims for relief as a collective action pursuant to the FLSA, 29 U.S.C § 216(b), on behalf of all non-exempt employees of Defendants, employed by Defendants at any time from three years prior to the filing of this action through the entry of judgment in this action.

52. The FLSA Collective consists of similarly situated current and former non-exempt employees of Defendants, who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA, *inter alia*, as a result of Defendants' denying them minimum wage, overtime pay, and other monies/compensation.

53. As part of their regular business practices, Defendants have intentionally, willfully, repeatedly, and in bad faith harmed Plaintiff and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, inter alia, the following.

    a.  Failing to pay Plaintiff and the FLSA Collective minimum wages for all hours worked;

    b.  Failing to pay Plaintiff and the FLSA Collective the proper overtime pay for all hours worked over forty hours per week;

    c.  Failing to promptly pay Plaintiff and the FLSA Collective their full wages on the day their wages became due; and

    d.  Failing to maintain an accurate record keeping of hours worked and wages paid to Plaintiff and the FLSA Collective.

54. Defendants have engaged in this unlawful conduct pursuant to a policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA.

55. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused damage to Plaintiff and the FLSA Collective.

56. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Defendants, are readily identifiable by Defendants, and are locatable through Defendants' records, which Defendants are required to maintain pursuant to the FLSA and NYLL. These similarly situated employees should be notified of and allowed to opt into this action pursuant to 29 U.S.C. § 216(b).

## **RULE 23 NYLL CLASS ALLEGATIONS – NEW YORK**

57. Plaintiff brings claims for relief as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class consisting of themselves and all current and former non-exempt employees of Defendants at any time six years prior to the filing of this action through the entry of judgment in this action (the "Rule 23 NYLL Class").

58. The persons in the Rule 23 NYLL Class are so numerous that joinder of all members is impracticable.

59. The identities of the Rule 23 NYLL Class members are known to the Defendants and are contained in the employment records that the Defendants are required to create and maintain pursuant to the NYLL.

60. Common questions of law and fact exist as to all members of the Rule 23 NYLL Class that predominate over any questions affecting solely individual members.  Among the questions of law and fact common to the Rule 23 NYLL Class are:

   a. Whether Defendants failed to pay the Rule 23 NYLL Class minimum wage for each hour worked;

   b. Whether Defendants failed to pay the Rule 23 NYLL Class overtime compensation at a rate of one-and-one-half times their regular hourly rate/applicable minimum wage rate for all hours worked over 40 in a workweek;

   c. Whether Defendants failed to pay the Rule 23 NYLL Class spread-of-hours pay for each workday that a shift or shifts exceeded 10 hours per day;

   d. Whether Defendants failed to promptly pay Plaintiff and the Rule 23 NYLL Class their full wages on the day their wages became due;

   e. Whether Defendants failed to furnish the Rule 23 NYLL Class with wage notices, as required by the NYLL and supporting regulations;

   f. Whether Defendants failed to furnish the Rule 23 NYLL Class with complete and accurate wage statements with each payment of wages including, *inter alia*, hours worked, rate of pay, overtime rate, and other statutorily required information pursuant to the NYLL and supporting regulations;

g.  Whether Defendants failed to keep true and accurate employment records including, *inter alia*, all records reflecting all hours/shifts worked by and wage payments made to the Rule 23 NYLL Class, as required by the NYLL.

61. The claims of Plaintiff are typical of the claims of the Rule 23 NYLL Class she seeks to represent.  Plaintiff and the Rule 23 Class work or have worked for Defendants within the six years prior to the filing of this action. They enjoy the same statutory rights under the NYLL to be paid the correct minimum wage, to be paid overtime wages for all hours worked in excess of 40 in a workweek, to be paid spread-of-hours pay for workdays that their shift or shifts exceeded 10 hours per day, to be paid the full amount of their wages on the day the wages become due, to be given wage notices at the time of hire, and to be issued complete and accurate wage statements along with each payment of wages.

62. Plaintiff and the Rule 23 NYLL Class have sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.

63. Plaintiff and the Rule 23 NYLL Class have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct.

64. Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 NYLL Class.

65. Plaintiff has retained counsel competent and experienced in wage and hour litigation and class action litigation.

66. There are no conflicts between Plaintiff and the Rule 23 NYLL Class members.

67. A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Rule 23 NYLL Class have been damaged and are entitled to recovery as a result of Defendants' common policies, practices and procedures.

68. Although the relative damages suffered by the individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  Individual plaintiffs lack the financial resources necessary to conduct a thorough examination of Defendants' compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.

69. In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

70. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## FACTUAL ALLEGATIONS

71. From approximately December 22, 2021 to June 6, 2022, Plaintiff Wang was employed by Defendant Prussian.

72. Plaintiff Wang worked for Prussian as a remote employee working out of Brooklyn, New York.

73. Plaintiff Wang initially worked for Defendant Prussian as a financial engineer cadet.

74. Plaintiff Wang's duties included, but were not limited to: using techniques to solve financial issues by using tools and knowledge from the fields of computer science, statistics and economics.

75. Defendant Liang assigned Plaintiff Wang operational tasks, despite Plaintiff Wang's repeated requests to be given work as a financial engineer.

76. On or around March 18, 2022, Defendant Liang sent Plaintiff Wang a new offer of employment, outlining her compensation and conditions of employment as Director of Operations.

77. That at all times herein relevant, in this position Plaintiff Wang created PowerPoint presentations for Defendant Liang to raise capital from potential investors for Defendant Prussian.

**<u>Wage Violations</u>**

78. Plaintiff Wang was employed by Defendant Prussian as a full-time non-exempt employee.

79. Shortly after commencing her employment, Defendant Liang told Plaintiff Wang to expect calls and tasks on weekends.

80. Plaintiff Wang worked seven (7) days per week for Defendant Prussian.

81. Plaintiff Wang worked more than forty (40) hours per week for Defendant Prussian.

82. Defendant Laing further advised Plaintiff Wang that he requires a prompt response whenever he contacted her regardless of day or time.

83. Plaintiff Wang was promised compensation, in the form of equity, by Defendant Liang but never received any.

84. Plaintiff Wang was never paid during her employment with Defendant Prussian.

85. For the duration of her employment with Defendants, Defendants failed to pay Plaintiff Wang the applicable minimum wage rate in accordance with the FLSA and NYLL.

86. Despite working in excess of forty hours per week, Plaintiff Wang was not paid overtime.

87. For the duration of her employment with Defendants, Plaintiff Wang regularly worked more than 10 hours in a day but was not paid spread-of-hours pay.

88. Defendants failed to keep accurate records of wages earned or hours worked by Plaintiff Wang.

89. Defendants did not provide Plaintiff Wang with a wage notice, either at the time of hire or annually, setting forth her rate of pay and basis thereof, exempt status, overtime rate, method

of compensation, regular payday, names of their employers (including fictitious names), addresses and phone numbers for their employers' main offices or principal locations, or any allowances taken.

90. Defendants failed to provide Plaintiff Wang with wage statements / paystubs.

91. The Defendants failed to pay the Plaintiff, FLSA Collective Plaintiffs and Class members minimum wage.

92. Although the Plaintiffs, FLSA Collective Plaintiffs and Class members worked over forty hours per week, Defendants failed to pay them at the required overtime rate.

93. Plaintiffs, FLSA Collective Plaintiffs and Class members had workdays that exceeded 10 hours in length. Defendants never paid them the spread of hours pay as required by the NYLL.

94. Defendants knowingly and willfully operated their business with a policy of not paying minimum wage, overtime and spread of hours pay.

95. Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices and wage statements to Plaintiff and the Class members, in violation of the NYLL.

### **Discrimination, Hostile Work Environment & Retaliation**

96. Plaintiff Wang became the target of unlawful sex/gender and national origin-based discrimination and a hostile work environment.

97. In or around late April 2022, Jessie Tang, another Chinese woman, expressed her intention to resign from her position with Defendant Prussian and to return to China in order to seek better opportunities for her career.

98. With Jessie's resignation, Defendant Liang's true nature towards Chinese women was revealed.

99. Defendant Liang became more hostile towards Plaintiff Wang due to her gender and national origin.

100.     Defendant Liang made outrageous and offensive comments about China, Chinese women, women in general, and Plaintiff Wang's personal life.

101.     Defendant Liang also expressed his discriminatory nature in text messages.

102.     By way of example, on or around May 1, 2022, following Jessie Tang's resignation, Defendant Liang stated, "always Chinese gals quitting!", "I can't handle Chinese gals. I don't understand how they function, and they don't understand me."

103.     Defendant Liang wrote in a text message to Plaintiff Wang Emma, "Your home country is enslaved by commies. Commies are the biggest salamanders to your home country. We are an America First company, and Communists are our enemies. That will never change."

104.     On or around May 3, 2022, Defendant Liang concocted a plan to have Ms. Tang return to the company.

105.     In order to execute this plan, Defendant Liang texted Plaintiff Wang for help and later stated in the same conversation, "the problem is I don't understand Chinese gals in general…I don't understand you cray (crazy) Chinese geniuses."

106.     Defendant Liang stated he was going to find Ms. Tang in China and force her to work for the company.

107.     Plaintiff Wang told Defendant Liang that she felt uncomfortable during this conversation, to which he responded; "being out of your comfort zone is part of the job and any job, and part of living in a new country. That's how you adapt and evolve, not a little princess anymore."

108.     When Plaintiff Wang complained about Defendant Liang's discriminatory and hostile comments, Defendant Liang retaliated against Plaintiff Wang by threatening to terminate her employment.

109.     Defendant Liang stated; "If Jessie is gone you are gone. Not that I value you any less, but you can have the freedom to unleash your special talents in your role because Jessie handles her side perfect. If she's not here anymore, then it would need a different structure to fill the gap."

110.     Defendant Liang made Plaintiff Wang's continued employment contingent on her submitting to his demands of forcing Ms. Tang to return to work for Defendant Prussian.

111.     On or around May 28, 2022, Defendant Liang further degraded Chinese women by sending a text message to Plaintiff Wang saying; "I am so sick of introverts. You know how many Chinese gals are…They don't talk straight, and I don't know how not to talk straight…If I'm super nice then she might think I like her as how Chinese gals are!", "they think they are smart, but actually dumb cuz they can't get what they want if others don't understand them."

112.     Defendant Liang continued to speak about Ms. Tang and Chinese women by saying, "I can't stand Chinese gals like that. I don't know whether she's playing subtle, passive aggressive, polite avoidance, or simply doesn't know how to communicate…she meets her guy friend(s) every weekend!"

113.     Defendant Liang demanded Plaintiff Wang contact Ms. Tang to persuade her to return to work for Defendant Prussian.

114.     Plaintiff Wang informed Defendant Liang that she could not get in contact with Ms. Tang, to which Defendant Liang replied, "I think it's either that time of the month for her or she just had a bad weekend…so hard to deal with Chinese girls."

115.    In addition, Defendant Liang said, "Jessie doesn't know what the fuck she's doing. Stupid Chinse chicks", "Chinese girls all lie, we can't stand them! You are among the better ones", "This happened entirely because of her Chinese girl style of communication."

116.    Defendant Liang continued his obsession with rehiring Jessie Tang stating; "The only solution is to make her give in. She has to make a choice between the two [referring to work life and having a relationship] since she made it a conflict herself, what her priority is! If getting fucked is more important to her than her big girl job and big potential money and visa status then go with him with 100%. Why stay here and give u 50%! Either 100% or 0%. She has to choose now."

117.    Defendant Liang not only made severe sexually harassing remarks towards women, but also told Plaintiff Wang that women working for him cannot have a personal life.

118.    Plaintiff Wang became afraid that her position would be taken away when Defendant Liang told her, "Jessie doesn't deserve that kind of work from home autonomy anymore."

119.    Plaintiff Wang told Defendant Liang to no longer involve her in any issues he may be having with Ms. Tang.

120.    As a response, Defendant Liang said; "I was in complete domination power seat prior to [Jessie having a boyfriend], though I knew very well from early on that once she eventually gets in a relationship that would change. I just didn't expect it happen so soon. My predictions timing wrong only once a while. Once she got a guy the power balance shifted. Her voice and tone changes…women's voices change after they get in a relationship. I'm never wrong on that."

121.    Plaintiff Wang feared for her job after repeatedly hearing Defendant Liang say that women working for Defendant Prussian cannot have a relationship or form a family.

122.    Plaintiff Wang also feared Defendant Liang would insult and terminate her if she had spent too much time with her Hispanic fiancé.

123.    On one occasion, Defendant Liang stated; "When Chinese gals lie and when it's not what they want to do they just quote parents as cover, when it's what they want to do they just go wild…Personal life is personal life, but at a start-up ore members must give heart and mind to the company 100%! It's 100% or 0%. She has plenty time to fuck around outside work. Up till this moment I gave her plenty of freedom and autonomy, not anymore."

124.    Defendant Liang not only continued his discriminatory remarks about Chinese women, but also continued to discriminated against Plaintiff Wang because of her gender / sex.

125.    By way of example, Defendant Liang said, "We should just fire her so she can get on her knees to beg her whatever daddy…I respect her and treated like princess, but she treats me back like crap after she found her whatever douche in LA…She enjoys her time with those guys instead of us so much, so let's make her a full-time in what she prefers doing! She probably thinks that I 'like' her so that she can be more of a bitch and treat me worse."

126.    Instead of ending the conversation there, Defendant Liang continued his discriminatory behavior towards Chinese women by saying, "I never had any female Chinese friends till the age of 29 or 30. So to me, even though we look alike and can speak the same language we are way different."

127.    On or around May 30, 2022, Defendant Liang said, "Even as someone usually very sweet like Jessie, dealing with Chinese is always like dealing with their parents and with family!" Plus, they have a very weird but different work-life separation from ours. That's why I never date Chinese and hardly ever make friends with Chinese!"

128.     In addition, Defendant Liang openly told Plaintiff Wang to "stop being Chinese."

129.     On or around May 31, 2022, Plaintiff Wang expressed to Defendant Liang that the issues he was having with Ms. Tang was out of her expertise.

130.     That at all times herein relevant, when Plaintiff Wang refused to contact and harass Ms. Tang per Defendant Liang's request, he retaliated and demoted her from the new position he had offered her to her initial position of Financial Engineer & Technical Evangelist.

131.     On or around the same day, Defendant Liang said to Plaintiff Wang, "why did that Shanghainese woman come here, just to destroy our team?!" referring to Ms. Tang.

132.     On or around June 1, 2022, Defendant Liang called Plaintiff Wang to continue berating her national origin.

133.     By way of example, Defendant Liang stated, "to me, China's government is no different from Nazis and slavery."

134.     Even after Plaintiff Wang made it clear that these comments made her feel uncomfortable, Defendant Liang continued to discriminate against her national origin and gender.

135.     As a result of this discriminatory behavior, Plaintiff Wang felt humiliated, embarrassed, harassed, and emotionally and psychologically threatened.

136.     On or around June 4, 2022, Defendant Liang told Plaintiff Wang; "Chinese don't function on trust, the polar opposite. They manipulated good hearted people like Jessie, and I will hate those evil souls forever. Chinese don't trust people and don't understand the value of trust."

137.     Defendant Liang continuously expressed his personal prejudices towards Chinese women by theorizing that the reason Ms. Tang resigned was due to influence from an ex-

employee who was also a woman of Chinese descent [Ella].

138.    By way of example, Defendant Liang wrote to Plaintiff Wang, "I would've paid to keep that nasty Shanghai intern's mouth [referring to Ella] never open again to project her subhuman Shanghai culture on me and manipulate my best colleague's perception. No Shanghainese woman will ever be hired by us here again. They like projecting their shortsighted Shanghai culture on us, the North Pole and South Pole. I don't mean to generalize, but out of a large sample of 10+ over the year it's always the same! In the old day Blue Gang [a Chinese gang affiliated with domestic crimes such as murdering Chinese women] would've liquidated them for us."

139.    On or around June 6, 2022, Defendant Liang harassed Plaintiff Wang by continuously calling her at all hours of the day to continue sharing his prejudicial views.

140.    Among the various comments stated by Defendant Liang, he said, "That's the problem will all you stupid international students, fucking arrogance…in five years you will feel very stupid…you're still acting like a school kid, not a professional, don't act like a drama queen."

141.    Plaintiff Wang pleaded several times with Defendant Liang to stop speaking negatively about women, people that identify as Chinese, and more specifically, about Chinese women.

142.     Unable to continue enduring Defendant Liang's discriminatory behavior, Plaintiff Wang informed him she is resigning from her position effective immediately.

143.    Notwithstanding the constructive termination, Defendant Liang still continued to harass and torment Plaintiff Wang.

144.    By way of example, on or around June 13, 2022, Defendant Liang wrote in an email to Plaintiff Wang, "China mainland girls are just like that, the better you treat them, the worse

they are to you, I am just so used to being a nice guy." [translated from Chinese to English].

145.    Plaintiff Wang was constructively terminated from Defendant Prussian due to the national origin discrimination, sex/gender discrimination, sexual harassment, and retaliation she faced in violation of the NYSHRL and NYCHRL.

146.    As a result, Plaintiff Wang has sustained lost wages and suffers from severe emotional distress.

147.    Plaintiff Wang, the FLSA Collective Plaintiffs and the Class Members were treated differently because of their gender / sex.

148.    Plaintiff Wang, the FLSA Collective Plaintiffs and the Class Members were treated differently because of their national origin.

149.    Plaintiff Wang, the FLSA Collective Plaintiffs and the Class Members were forced to endure a hostile work environment because of their gender / sex.

150.    Plaintiff Wang, the FLSA Collective Plaintiffs and the Class Members were treated differently because of their national origin.

151.    Plaintiff Wang, the FLSA Collective Plaintiffs and the Class Members were retaliated against.

**FIRST CAUSE OF ACTION**
**NYSHRL – National Origin Discrimination**
**On Behalf of Plaintiff and the Rule 23 Class**
**(As to all Defendants)**

152.    Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

153.    By the actions described above, among others, Defendants have discriminated against Plaintiff and the Rule 23 Class as a result of their **national origin**, in violation of the NYSHRL.

154.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff and the Rule 23 Class have suffered and continues to suffer harm, for which they are entitled to an award of monetary damages and other relief.

### SECOND CAUSE OF ACTION
**NYSHRL – National Origin-Based Hostile Work Environment**
**On Behalf of Plaintiff and the Rule 23 Class**
**(As to all Defendants)**

155.     Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

156.     Effective October 11, 2019, Executive Law § 296 was amended to lower the standard for a hostile work environment claim to require only a showing of, "inferior terms, conditions or privileges of employment because of the individual's membership in one or more . . . protected categories."

157.     Defendants subjected Plaintiff and the Rule 23 Class to severe and pervasive harassment based on their **national origin** and inferior terms, conditions, and privileges of employment because of Plaintiff's and the Rule 23 Class's national origin to create a hostile work environment.

158.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff and the Rule 23 Class have suffered and continues to suffer harm, for which they are entitled to an award of monetary damages and other relief.

### THIRD CAUSE OF ACTION
**NYSHRL –Retaliation**
**On Behalf of Plaintiff and the Rule 23 Class**
**(As to all Defendants)**

159.     Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

160.     By the actions described above, among others, Defendants have retaliated against Plaintiff for engaging in protected activity by, inter alia, refusing to remediate the discrimination and harassment of which she complained about being discriminated against based on her national origin and ultimately forcing Plaintiff to accept her constructive termination, in violation of NYSHRL.

161.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer harm, for which she is entitled to an award of monetary damages and other relief.

### FOURTH CAUSE OF ACTION
### NYSHRL – Sex/Gender-Based Discrimination
### On Behalf of Plaintiff and the Rule 23 Class
### (As to all Defendants)

162.     Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

163.     By the actions described above, among others, Defendants have discriminated against Plaintiff and the Rule 23 Class as a result of their sex/gender, in violation of the NYSHRL.

164.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff and the Rule 23 Class have suffered and continues to suffer harm, for which they are entitled to an award of monetary damages and other relief.

### FIFTH CAUSE OF ACTION
### NYSHRL – Sex/Gender-Based Hostile Work Environment
### On Behalf of Plaintiff and the Rule 23 Class
### (As to all Defendants)

165.     Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

166.     Defendants subjected Plaintiff and the Rule 23 Class to severe and pervasive

harassment based on their sex/gender and inferior terms, conditions, and privileges of employment because of Plaintiff's and the Rule 23 Class's sex/gender to create a hostile work environment.

167.    As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff and the Rule 23 Class have suffered and continues to suffer harm, for which they are entitled to an award of monetary damages and other relief.

### SIXTH CAUSE OF ACTION
**National Origin Discrimination in Violation of the NYCHRL**
**On Behalf of Plaintiff and the Rule 23 Class**
**(As to all Defendants)**

168.    Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

169.    By the actions described above, among others, Defendants have discriminated against Plaintiff and the Rule 23 Class as a result of their national origin, in violation of the NYCHRL.

170.    As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff and the Rule 23 Class have suffered and continues to suffer harm, for which they are entitled to an award of monetary damages and other relief.

### SEVENTH CAUSE OF ACTION
**National Origin Hostile Work Environment in Violation of the NYCHRL**
**On Behalf of Plaintiff and the Rule 23 Class**
**(As to all Defendants)**

171.    Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

172.    Plaintiff and the Rule 23 Class to severe and pervasive harassment based on their national origin and inferior terms, conditions, and privileges of employment because of Plaintiff's and the Rule 23 Class's national origin to create a hostile work environment.

173.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff and the Rule 23 Class have suffered and continues to suffer harm, for which they are entitled to an award of monetary damages and other relief.

**EIGHTH CAUSE OF ACTION**
**Retaliation in Violation of the NYCHRL**
**On behalf of Plaintiff and the Rule 23 Class**
**(As to all Defendants)**

174.     Plaintiff Wang repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

175.     Pursuant to the New York City Administrative Code, it is an unlawful discriminatory practice for any person to retaliate or discriminate in any manner against any person because such person has opposed the discriminatory practices.

176.     By the actions described above, among others, Defendants have retaliated against Plaintiff Wang by, inter alia, by, forcing Plaintiff Wang to accept her constructive/effective termination (reinforced by Defendants affirmatively terminating her employment) in violation of the NYCHRL, after and because she engaged in protected activity.

177.     As a direct and proximate result of Defendants' unlawful discriminatory conduct, Plaintiff Wang has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

**NINTH CAUSE OF ACTION**
**Gender / Sex Discrimination in Violation of the NYCHRL**
**On Behalf of Plaintiff and the Rule 23 Class**
**(As to all Defendants)**

178.     Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

179.     By the actions described above, among others, Defendants have discriminated against

Plaintiff and the Rule 23 Class as a result of their gender / sex, in violation of the NYCHRL.

180.    As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff and the Rule 23 Class have suffered and continues to suffer harm, for which they are entitled to an award of monetary damages and other relief.

### TENTH CAUSE OF ACTION
**Gender / Sex Origin Hostile Work Environment in Violation of the NYCHRL**
**On Behalf of Plaintiff and the Rule 23 Class**
**(As to all Defendants)**

181.    Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

182.    Plaintiff and the Rule 23 Class to severe and pervasive harassment based on their national origin and inferior terms, conditions, and privileges of employment because of Plaintiff's and the Rule 23 Class's gender / sex to create a hostile work environment.

183.    As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff and the Rule 23 Class have suffered and continues to suffer harm, for which they are entitled to an award of monetary damages and other relief.

### ELEVENTH CAUSE OF ACTION
**FLSA – Unpaid Minimum Wage**
**On Behalf of Plaintiff and the FLSA Collective**
**(As to all Defendants)**

184.    Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

185.    Defendants were required to pay Plaintiff and the FLSA Collective the applicable minimum wage rate for all hours worked.

186.    Defendants failed to pay Plaintiff and the FLSA Collective the minimum wages to which they are entitled under the FLSA.

187.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

188.     Defendants' violations of the FLSA described above have been willful and therefore, a three-year statute of limitations applies to this matter pursuant to the FLSA, 29 U.S.C. § 255(a).

189.     As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover from Defendants their unpaid minimum wages, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to 29 U.S.C. § 216(b).

**TWELFTH CAUSE OF ACTION**
**NYLL – Unpaid Minimum Wage**
**On Behalf of Plaintiff and the Rule 23 NYLL Class**
**(As to all Defendants)**

190.     Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

191.     Defendants failed to pay Plaintiff and the Rule 23 NYLL Class the minimum wages to which they are entitled under the NYLL.

192.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and the Rule 23 NYLL Class minimum hourly wages for all hours worked.

193.     As a result of Defendants' willful violations of the NYLL, Plaintiff and the Rule 23 NYLL Class are entitled to recover from Defendants their unpaid minimum wages, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to NYLL §§ 663(1), et seq.

## THIRTEENTH CAUSE OF ACTION
### FLSA – Unpaid Overtime Wages
### On Behalf of Plaintiff and the FLSA Collective
### (As to all Defendants)

194.     Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

195.     Defendants are employers within the meaning of 29 U.S.C §§ 203(e) and 206(a) and employed Plaintiff.

196.     Defendants were required to pay Plaintiff and the FLSA Collective one and one-half (1 ½) times the regular rate of pay/applicable minimum wage rate for all hours worked in excess of 40 hours in a workweek.

197.     Defendants failed to pay Plaintiff and the FLSA Collective the overtime wages to which they were entitled under the FLSA.

198.     Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective overtime wages.

199.     Defendants' violations of the FLSA described above have been willful, and therefore, a three-year statute of limitations applies to this matter pursuant to the FLSA, 29 U.S.C. § 255(a).

200.     As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to 29 U.S.C. § 216(b).

## FOURTEENTH CAUSE OF ACTION
### NYLL – Unpaid Overtime Wages
### On Behalf of Plaintiff and the Rule 23 NYLL Class
### (As to all Defendants)

201.     Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

202.     Under the NYLL and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiff and other non-exempt employees one and one half (1 ½) times the regular rate of pay/applicable minimum wage rate for all hours they worked in excess of forty (40) hours per week.

203.     Defendants failed to pay Plaintiff and the Rule 23 NYLL Class the overtime wages to which they were entitled under the NYLL.

204.     Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and the Rule 23 NYLL Class overtime wages.

205.     As a result of Defendants willful violations of the NYLL, Plaintiff and the Rule 23 NYLL Class are entitled to recover their unpaid overtime wages, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to NYLL §§ 663(1), et seq.

## FIFTEENTH CAUSE OF ACTION
### NYLL – Unpaid Spread-of-Hours Pay
### On Behalf of Plaintiff and the Rule 23 NYLL Class
### (As to all Defendants)

206.     Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

207.     Defendants have willfully failed to pay Plaintiff and the Rule NYLL 23 Class additional compensation of one hour's pay at the minimum hourly wage rate in all instances

where Plaintiff and the Rule 23 NYLL Class worked either a split shift or more than 10 hours per day, in violation of NYLL §§ 650, et seq. and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. Tit. 12 §§, 137-1.7 (2010), 146-1.6 (2012).

208.    As a result of Defendants willful violations of the NYLL, Plaintiff and the Rule 23 NYLL Class are entitled to recover unpaid spread-of-hours compensation, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to the NYLL.

**SIXTEENTH CAUSE OF ACTION**
**NYLL – Wage Notice & Wage Statement Violations**
**On Behalf of Plaintiff and the Rule 23 NYLL Class**
**(As to all Defendants)**

209.    Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

210.    NYLL § 195(1)(a) obligates every employer to: "provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information:  the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;  allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;  the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article;  the name of the employer;  any "doing business as" names used by the employer;  the physical address of the employer's main office or principal place of business, and a mailing address if different;  the telephone number of the employer;  plus such other information as the commissioner deems material and necessary.  Each time the employer provides such notice to an employee, the employer shall obtain from the employee a signed and dated written acknowledgement, in English and

in the primary language of the employee, of receipt of this notice, which the employer shall preserve and maintain for six years."

211.     Defendants failed to provide Plaintiff and the Rule 23 NYLL Class with wage notices compliant with NYLL § 195(1)(a).

212.     Due to Defendants' violations of NYLL § 195(1), Plaintiff and the Rule 23 NYLL Class are each entitled to statutory penalties of $50.00 for each workday that Defendants failed to provide wage notices, up to a maximum of $5,000 each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided by NYLL § 198(1-b)

213.     Defendants also violated NYLL § 195(3) by failing to furnish Plaintiff and the Rule 23 NYLL Class with each payment of wages and accurate statement listing the dates of work covered by that payment or wages; name of employee; name of employer; address and phone number of employer; rate of rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages, deductions, allowances, if any, claimed as part of the minimum wage; and net wages.

214.     Through their failure to provide Plaintiff and the Rule 23 NYLL Class with wage statements as required by the NYLL, Defendants have violated NYLL § 190, et seq. and the supporting New York State Department of Labor Regulations.

215.     Due to Defendants' violations of NYLL § 195(3), Plaintiff and the Rule 23 NYLL Class are each entitled to statutory penalties of $250.00 for each workweek that Defendants failed to provide them with accurate wage statements, or a total of $5,000 each, plus reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by

NYLL § 198.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all similarly situated employees,

respectfully requests that this Court GRANT the following relief:

A. Designating this action as a collective action on behalf of the FLSA Collective and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated non-exempt employees, and appointing Plaintiff and her counsel to represent the FLSA Collective.  Such notice shall inform them that this civil action has been filed, the nature of the action, and their right to join this lawsuit if they believe they were denied proper wages;

B. Certifying this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Rule 23 Class and appointing Plaintiff and her counsel to represent the class;

C. Issuing an order tolling the statute of limitations;

D. Issuing a declaratory judgment that the practices complained of herein are unlawful under applicable state and federal law;

E. Issuing an injunction restraining Defendants from subjecting their employees to discriminatory and hostile conduct on the basis of national origin and sex/gender;

F. Directing Defendants to place Plaintiff, the Collective and the Class in the in the position they would have occupied but for Defendants' discriminatory and otherwise unlawful conduct and making Plaintiff, the Collective and the Class whole for all earnings and other benefits they would have received but for Defendants' discriminatory and unlawful treatment, including, but not limited to, title, seniority status, wages and other lost benefits;

G. Awarding Plaintiff and the Class members compensatory monetary and/or economic damages, including but not limited to the loss of past and future income, wages, compensation, and other benefits of employment, incurred as of result of Defendants' violations of NYCHRL and the NYSHRL, in an amount to be determined at trial;

H. Awarding Plaintiff and the Class members compensatory non-monetary and/or non-economic damages, including but not limited to compensation for mental anguish, humiliation, embarrassment, stress and anxiety, emotional and psychological pain and suffering, emotional and psychological distress and the physical manifestations caused, incurred as a result of Defendants' violations of NYCHRL and the NYSHRL, in an amount to be determined at trial;

I.   Awarding Plaintiff and the Class members punitive damages for Defendants' violations NYCHRL and the NYSHRL;

J.   Issuing an injunction restraining Defendants from subjecting their employees to the unlawful pay practices complained of herein;

K.   Declaring that Defendants' violations of the FLSA and NYLL were willful;

L.   Awarding Plaintiff, the FLSA Collective, and the Rule 23 Class unpaid minimum wages;

M.   Awarding Plaintiff, the FLSA Collective, and the Rule 23 Class unpaid overtime wages;

N.   Awarding Plaintiff and the Rule 23 Class unpaid spread-of-hours pay;

O.   Awarding Plaintiff, the FLSA Collective, and the Rule 23 Class liquidated damages in amount equal to the total amount of wages found to be due, pursuant to the FLSA and NYLL;

P.   Awarding Plaintiff and the Rule 23 Class statutory penalties for Defendants' failure to furnish wage notices and pay statements pursuant to the NYLL;

Q.   Awarding Plaintiff, the Collective, and the Rule 23 Class reasonable attorney's fees, costs, and expenses of the action under NYCHRL and the NYSHRL;

R.   Awarding Plaintiff, the FLSA Collective, and the Rule 23 Class reasonable attorney's fees, costs, and expenses of the action under the FLSA and NYLL;

S.   Awarding Plaintiff, the Collective, and the Rule 23 Class pre-judgment and post-judgement interest, retroactive to the date the damages accrued, under the NYCHRL and the NYSHRL;

T.   Awarding Plaintiff, the FLSA Collective, and the Rule 23 Class pre-judgment and post-judgement interest, retroactive to the date the damages accrued, under the FLSA and NYLL; and

U.   Awarding such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury.

Dated:  August 3, 2022
       New York, New York

Respectfully submitted,

**Akin Law Group PLLC**

*/s/ Robert D. Salaman*
_____

Robert D. Salaman

45 Broadway, Suite 1420
New York, NY 10006
Telephone:(212) 825-1400
Facsimile:(212) 825-1440
rob@akinlaws.com

*Counsel for Plaintiff*