UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ZHIHENG WANG, *individually and on behalf of all others similarly situated,*

                Plaintiff,

        - against-

PRUSSIAN, INC., *and* MIKE YIN LIANG

                Defendants.
-------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
22-CV-4576 (OEM)(RML)

ORELIA E. MERCHANT, United States District Judge:

        Plaintiff Zhiheng Wang ("Plaintiff") filed this putative class action on August 3, 2022, asserting employment discrimination claims under the New York State Human Rights Law and New York City Human Rights Law. Class and Collective Complaint ("Compl."), Dkt. 1 ¶¶ 152-183. Plaintiff also asserts claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., and New York Labor Law ("NYLL") § 190 *et seq*. *Id.* ¶¶ 184-215. Defendant Prussian, Inc. ("Prussian"), is a Delaware corporation that "provides active hedging, monetization & intelligence services to corporations and investment firms," *id*. ¶ 26, and Defendant Mike Yin Liang ("Liang") is a California resident and Prussian's President and Chief Executive Officer, *id.* ¶¶ 30-31 (collectively, "Defendants"). On December 14, 2022, Defendants answered the complaint. *See* Defendants' Answer to Class and Collective Complaint, Dkt. 9. On November 28, 2023, Defendants' counsel moved to withdraw, *see* Letter from Defendants to Court (Nov. 28, 2023), Dkt. 24, which the Court granted on January 19, 2024. In granting the motion to withdraw, Magistrate Judge Levy warned that Prussian "must retain counsel or be found in default."

        On March 12, 2024, Liang informed the Court by fax that Prussian had filed for bankruptcy protection. *See* Order dated June 30, 2024. The bankruptcy case was closed by court order on

1

April 12, 2024, and the bankruptcy stay was lifted with respect to Prussian. *See* Order, Dkt. 33. On January 17, 2025, Magistrate Judge Levy directed Prussian to retain counsel within thirty days or show good cause for an extension of time to do so. *Id.* Magistrate Judge Levy warned Prussian that "[f]ailure to obtain counsel will result in a recommendation that a default judgment be entered against it." *Id.*

On May 5, 2025, noting that well over thirty days passed and no attorney had entered an appearance on behalf of Prussian, Magistrate Judge Levy issued a Report and Recommendation recommending that Prussian's answer be stricken and that a default judgment be entered against it. Report and Recommendation at 2 ("R&R"), Dkt. 34. On May 19, 2025, Liang emailed and called the Court, seeking an extension of time to file objections to the R&R. *See* Order dated May 19, 2025. The Court granted Liang's request and instructed him to file any objections no later than June 5, 2025. *See id.* Liang filed objections with supporting exhibits on June 5, 2025. *See* Exhibit 1 of Response and Opposition to His Honor Judge Robert M. Levy's Report and Recommendation on May 5, 2025 ("Objs."), Dkt. 37; Exhibits in Support of Objection to Report and Recommendations, Dkt. 38.

For the following reasons, Liang's objections are overruled, and the R&R is adopted in its entirety.

## STANDARD OF REVIEW

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV P. 72(b). A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3). To accept those portions of an R&R to which no

2

timely objection has been made, however, "a district court need only satisfy itself that there is no clear error on the face of the record." *Jarvis v. N. Am. Globex Fund L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)); *see Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018).

## DISCUSSION

The R&R recommends that Prussian's answer be stricken and that a default judgment be entered against it on the grounds that Prussian has failed to obtain counsel. R&R at 2. Liang raises several objections to the R&R, asserting that: (1) personal and medical issues have prevented him from acquiring an attorney, (2) personal absence from the United States and lack of internet access in China have created difficulties communicating with the Court, (3) financial hardship renders him unable to afford an attorney, and (4) Plaintiff's claims are "dishonest or at least false." *See* Objs. at 1-2.

It is well established "that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*." *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983). This principle has been reaffirmed repeatedly by the Second Circuit and the district courts within it. *See, e.g.*, *Grace v. Bank Leumi Tr. Co. of NY*, 443 F.3d 180, 192 (2d Cir. 2006) ("'[W]e long have required corporations to appear through a special agent, the licensed attorney.'" (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991))); *Next Proteins, Inc. v. Distinct Beverages, Inc.*, No. 09 CV 4534, 2012 WL 314871, at *2-3 (E.D.N.Y. Feb. 1, 2012) (striking corporate defendant's answer and granting default judgment against it following its failure to appear by counsel); *Hounddog Prods., L.L.C. v. Empire Film Grp.*, 767 F. Supp. 2d 480, 482 (S.D.N.Y. 2011) (striking corporate defendant's answer and granting a default judgment against it where it failed to appear through new counsel).

3

Although the Court acknowledges Liang's personal challenges and communication difficulties while in China, Objs. at 1, the Court notes that Liang cites no legal authority for why an exception to this principle should be applied in this case. Additionally, these justifications for the failure to obtain counsel present no realistic or timely solution to Prussian's lack of representation. Indeed, to date, Prussian has failed to secure counsel. Liang was first warned of the requirement in January 2024, nearly two years ago. *See* Order dated January 19, 2024. The Court also acknowledges Liang's claims of financial hardship. Objs. at 1. However, inability to afford an attorney does not protect Prussian from default, and "it is well-settled that, except when faced with the prospect of imprisonment, a litigant has no legal right to counsel in civil cases. *Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 453 (2d Cir. 2013). Finally, Liang's views on the merits of Plaintiff's claims have no bearing on the requirement that a corporation must appear through counsel.

## CONCLUSION

For the foregoing reasons, the Court overrules Liang's objections and adopts the R&R in its entirety. The Clerk of Court is directed to strike the Answer as to Defendant Prussian and enter default judgment against Prussian.

SO ORDERED.

                                                */s/*
                                                ORELIA E. MERCHANT
                                                United States District Judge

November 5, 2025
Brooklyn, New York