UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ZHIHENG WANG, *individually and on behalf of all others similarly situated,*

                Plaintiff,

        - against-

PRUSSIAN, INC. *and* MIKE YIN LIANG

                Defendants.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
22-CV-4576 (OEM)(RML)

ORELIA E. MERCHANT, United States District Judge:

      Plaintiff Zhiheng Wang ("Plaintiff") filed this putative class action on August 3, 2022, asserting employment discrimination claims under the New York State Human Rights Law and New York City Human Rights Law. Class and Collective Complaint ("Complaint" or "Compl."), Dkt. 1 ¶¶ 152-183. Plaintiff also asserts claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the New York Labor Law ("NYLL") § 190 *et seq*. *Id.* ¶¶ 184-215. Defendant Prussian, Inc. ("Prussian") is a Delaware corporation that "provides active hedging, monetization & intelligence services to corporations and investment firms." *Id.* ¶ 26. Defendant Mike Yin Liang ("Liang") is a California resident and Prussian's President and Chief Executive Officer. *Id.* ¶¶ 30-31.

      On December 14, 2022, Defendants, represented by counsel, answered the Complaint, *see* Defendants' Answer to Class and Collective Complaint ("Answer"), Dkt. 9, and on November 28, 2023, Defendants' counsel moved to withdraw representation, *see* Letter Motion to Withdraw, Dkt. 24; *see also* Order dated January 19, 2024, granting Letter Motion to Withdraw, Dkt. 24. On May 19, 2025, Liang, proceeding *pro se*, filed a motion to dismiss. *See* Letter Motion to Dismiss ("Motion" or "Mot."), Dkt. 36. For the following reasons, Liang's Motion is denied.

1

# DISCUSSION

## A. Insufficient Service of Process

Liang first requests that the Court dismiss the action due to improper service. Mot. at 1.[1] The Court construes this to be an assertion of insufficient service of process. *See* FED. R. CIV. P. 12(b)(5). While Liang does not elaborate as to how service was insufficient, he alleges that he raised this complaint to his prior counsel but was ignored. Mot. at 1. However, the Federal Rules of Civil Procedure are clear that the ability to raise improper service as a defense is waived when it is not raised in a defendant's initial response to the complaint. *See* FED. R. CIV. P. 12(h)(1). Liang did not raise improper service as a defense in his answer. *See generally* Answer. Thus, he waived this defense and cannot raise it at this stage in the litigation. *See Arciello v. County of Nassau*, 2:16-CV-3974 (ADS) (SIL), 2019 WL 4575145, at *4 (E.D.N.Y. Sept. 20, 2019) ("[U]nder Rule 12(h), a party waives any defense listed in Rule 12(b)(2)-(5) 'by failing to assert [such a defense] in a pre-answer motion to dismiss or the first responsive pleading." (quoting *Panzella v. Cty. of Nassau*, 13-CV-5640, 2015 WL 224967, at *3 (E.D.N.Y. Jan. 15, 2015))).

## B. Lack of Personal Jurisdiction

Liang also claims that "jurisdiction is wrong" due to his doubts regarding Plaintiff's identity and place of residence. Mot. at 1. The Court construes this to be a challenge for lack of personal jurisdiction. *See* FED. R. CIV. P. 12(b)(2). This defense is also waived when it is not raised in a defendant's initial response. *See* FED. R. CIV. P. 12(h)(1). Liang did not assert a defense for lack of personal jurisdiction in his answer. *See generally* Answer. Consequently, he has also waived this defense and cannot raise it at this stage in the litigation. *See Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 730 (2d Cir. 1998) ("Rule 12(h)(1) 'advises a litigant to

---

[1] Citations to ECF refer to the pagination generated by the Court's CM/ECF docketing system "PageID," and not the document's internal pagination.

exercise great diligence in challenging personal jurisdiction . . . or service of process. If he wishes to raise [either] of these defenses he must do so at the time he makes his first significant defensive move. . . .'" (quoting Wright & Miller, *Federal Practice and Procedure* § 1391 (1990))).

C.  **Dishonest Claims**

In addition to the foregoing procedural challenges, Liang challenges the veracity of the allegations contained in the Complaint. He claims that he has "presented clear evidence that [Plaintiff] was dishonest" regarding her identity, her work for Prussian, and her allegations of discrimination. Mot. at 1-2. While the Court acknowledges Liang's assertions, it may not dismiss the action based on mere allegations of dishonesty. The test of a claim's substantive merits "is more appropriately reserved for the summary judgment procedure . . . where both parties conduct appropriate discovery and submit the additional supporting material" necessary to develop their positions. *Global Network Communications, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006). As such, Liang's assertions that Plaintiff's claims are false do not provide grounds for dismissal.

## CONCLUSION

For the foregoing reasons, Liang's Motion is denied. The Court refers Liang to the District's resources for *pro se* litigants found online at https://www.nyed.uscourts.gov/pro-se-forms-and-instructions. Liang may also seek free, confidential, limited scope legal assistance from the Federal Pro Se Legal Assistance Project offered by City Bar Justice Center by calling (212) 382-4729 or online at https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project. The Court notes that the Federal Pro Se Legal Assistance Project is not part of, or affiliated with, the United States District Court.

The Clerk of Court is respectfully directed to mail a copy of this order to Liang at the mailing and email address on record.

SO ORDERED.

                                                                            /s/
                                                  ORELIA E. MERCHANT
                                                  United States District Judge

November 12, 2025
Brooklyn, New York